**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose Luis ESTRADA–TUFINO,**
**Defendant—Appellant.**

No. 02–10039.
D.C. No. CR–01–00081–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2002.*

Decided Dec. 17, 2002.

Before BERZON, TALLMAN, and CLIFTON, Circuit Judges.

MEMORANDUM**

Jose Luis Estrada–Tufino appeals the district court's imposition of a thirty-month sentence after Estrada–Tufino pled guilty to one count of illegal reentry by a deported alien in violation of 8 U.S.C. § 1326(a). Estrada–Tufino contends that the sentencing enhancement of U.S.S.G. § 2L1.2(b)(1)(B) can only apply if his prior drug-trafficking conviction resulted in prison time.

We review the district court's application of U.S.S.G. § 2L1.2(1)(B) for plain error because Estrada–Tufino failed to present below the argument he urges on us. *See United States v. Castillo–Casiano,*

198 F.3d 787, 789 (9th Cir.1999), as amended at 204 F.3d 1257 (9th Cir.2000). The district court properly applied the twelve-level enhancement of U.S.S.G. § 2L1.2(b)(1)(B). The plain language of the Guideline, the structure of the Guideline, and the commentary to Amendment 632 make clear that the twelve-level enhancement of § 2L1.2(b)(1)(B) is triggered by *any* felony drug-trafficking conviction, regardless of whether the conviction resulted in a single day spent in prison.

The district court's sentence is **AF-FIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

